**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JOEY BROUSSARD** | **CIVIL ACTION NO. 20-657** |
| **VERSUS** | **JUDGE: JAMES D. CAIN, JR.** |
| **GULF LOGISTICS**<br>**OPERATING, INC, et al** | **MAGISTRATE JUDGE:** |

### FIRST AMENDING AND SUPPLEMENTAL COMPLAINT

Plaintiff, **JOEY BROUSSARD**, a resident of and domiciled in the State of Louisiana, Parish of Lafayette, complaining of **GULF LOGISTICS OPERATING, INC** a domestic corporation doing business at all times material hereto within the State of Louisiana and within the Western District, and **TRES MARINE CORPORATION**, a domestic corporation doing business at all times material hereto within the State of Louisiana and within the Western District, respectfully represents that:

1.

This is an action for damages brought by Plaintiff, **JOEY BROUSSARD**, under the General Maritime Law of Negligence and the General Maritime Law of the shipowner's duty to maintain a seaworthy vessel.  Additionally, Plaintiff brings this claim pursuant to the Jones Act, alleging that he was injured while in the course and scope of his employment with defendant, **GULF LOGISTICS OPERATING, INC,** as a Jones Act Seaman.  Plaintiff hereby designates this suit as an admiralty or maritime claim within the provisions of the Federal Rules of Civil Procedure, Rule 9(h).  Plaintiff will show that on or about April 17, 2020, he received serious and disabling injuries

in course and scope of his employment with **GULF LOGISTICS OPERATING, INC**, while serving aboard a vessel (Vessel name: Ms. Meggie) operated by Defendant, **GULF LOGISTICS OPERATING, INC** and owned by Defendant, **TRES MARINE CORPORATION**.   The complained of injuries that Plaintiff received were proximately caused by and resulted solely through the negligence of the Defendants, its masters, agents, servants, and employees because of their negligent acts and/or because of the unseaworthiness of the vessel, Ms. Meggie.

JURISDICTION

2.

Jurisdiction is founded upon Federal Question (28 U.S.C. sec. 1331) pursuant to the Jones Act (46 U.S.C.A. sec. 30104), The General Maritime Law of Negligence, and the General Maritime Law of the shipowner's duty to maintain a seaworthy vessel.

VENUE

3.

Plaintiff, **JOEY BROUSSARD**, is a person of the full age of majority, domiciled in the Parish of Lafayette, in the State of Louisiana.

4.

Defendant, **GULF LOGISTICS OPERATING, INC**, is a domestic limited liability company doing business in the State of Louisiana, with its domicile address at 11828 Highway 1, Larose, Louisiana 70373.  Upon information and belief, at all pertinent times, Defendant, **GULF LOGISTICS OPERATING, INC**, was the Jones Act Employer of Plaintiff when he was injured and operator of the vessel/rig (Ms. Meggie).

5.

Defendant, **TRES MARINE CORPORATION,** is a domestic corporation doing business in the State of Louisiana, with its domicile address at 279 Ashburn Drive, Schriever, Louisiana 70395. Upon information and belief, at all pertinent times, Defendant, **TRES MARINE CORPORATION**, owned the barge/vessel (Ms. Meggie) upon which Plaintiff was injured.

COMPLAINT

6.

On or about April 17, 2020, Plaintiff, **JOEY BROUSSARD**, was employed by Defendant, **GULF LOGISTICS OPERATING, INC**, as a Captain on board a vessel owned by Defendant, **TRES MARINE CORPORATION** and operated by Defendant, **GULF LOGISTICS OPERATING, INC,** which was located on Bayou Lafourche near Port Fourchon. On the morning in question, Plaintiff was suffering from a Hernia and requested assistance from Gulf Logistics employee to help him down the stairs. As the employee was helping Plaintiff walk down the stairs on the vessel, Plaintiff slipped on the unsafe and unseaworthy steps and fell tumbling down a flight of stairs causing severe injuries to Plaintiff's back.

7.

Upon information and belief, the hernia suffered by Plaintiff was caused while acting in the service of the vessel.

8.

The Defendants are liable unto the Plaintiff for the injuries and damages he sustained on or about April 17, 2020, as a result of the negligent actions of the Defendants as set forth herein.

10.

The Plaintiff's injuries have in the past required and may in the future require, certain

medicines, medical care, treatment, procedures and surgeries.  Because of the accident, Plaintiff has in the past been and may in the future be disabled from performing his usual duties, occupation or trade pursuits, causing a loss of wages and earnings capacity.

11.

Defendant, **GULF LOGISTICS OPERATING, INC**, violated the Jones Act and because Plaintiff was injured while in service of the mission of the vessel, Defendant, **GULF LOGISTICS OPERATING, INC**, is liable to Plaintiff to pay maintenance and cure until such a time that Plaintiff reaches maximum medical improvement, General Tort Damages, including general damages, medical expenses, and lost wages, and all other remedies afforded under the Jones Act.

12.

Defendant, **GULF LOGISTICS OPERATING, INC**, violated the Jones Act in the following respects:

    a.    Failure to notice unreasonable risks of harm caused by the vessel in question;
    b.    Failure to notice unreasonable risks of harm caused by the vessel in question's appurtenances;
    c.    Failure to notice unreasonable risks of harm caused by the vessel in questions's crew;
    d.    Creation of and/or failure to eliminate hazardous or unsafe conditions;
    e.    Failure to correct or conduct maintenance on unreasonable risks of harm cause by the vessel and/or crew in question;
    f.    Failure to provide alternative means to accomplish the goal;
    g.    Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question's appurtenances;
    h.    Failure to properly supervise and/or train and educate Plaintiff and fellow employees;
    i.    Failure to provide a stairwell with proper nonskid materials to prevent slipping and tripping; and
    j.    Allowing a dangerous, steep stairwell in a general state of disrepair to exist on said vessel.

13.

Defendants, **TRES MARINE CORPORATION** and **GULF LOGISTICS OPERATING,**

INC, have violated the General Maritime Law of negligence.   A proximate cause of the aforementioned accident and subsequent injuries to Plaintiff was the result of the following non-exclusive list of omissions and/or commissions on the part of Defendants, to-wit:

a.   Failure to exercise reasonable care for the safety of all persons traversing the area at issue in this matter;

b.   Failure to secure the vessel and provide an adequate and safe stairwell;

c.   Failure to properly supervise or instruct personnel regarding warning measures when traversing the stairwell;

d.   Creation of and/or failure to eliminate hazardous or unsafe conditions;

e.   Failure to observe unsafe conditions or defective designs;

f.   Failure to rectify the dangerous/hazardous condition;

g.   Failure to place any warnings-adequate or otherwise- in regard to the hazardous condition at issue;

h.   Failure to provide alternative means to accomplish the goal;

i.   Violating Occupational Health and Safety Administration (OSHA) and/or Coast Guard Regulations;

j.   Failure to provide Plaintiff with a safe place to work;

k.   Failure to train Plaintiff appropriately for the job/tasks for which he was asked to perform; and

l.   Failure to do that which should have been done so as to avoid the accidents at question.

14.

Defendants, **TRES MARINE CORPORATION** and **GULF LOGISTICS OPERATING, INC**, violated the General Maritime Law to maintain a seaworthy vessel.  Plaintiff's injuries were proximately caused by Defendants' breach of its duty to maintain a seaworthy vessel in the following respects:

a.   Failure to notice unreasonable risks of harm caused by the vessel in question;

b.   Failure to notice unreasonable risks of harm caused by the vessel in questions's appurtenances;

c.   Failure to notice unreasonable risks of harm caused by the vessel in questions' crew;

d.   Creation of and/or failure to eliminate hazardous or unsafe conditions;

e.   Failure to correct or conduct maintenance on unreasonable risks of harm caused by the vessel in question;

f.   Failure to provide alternative means to accomplish the goal;

g.   Failure to provide a stairwell with proper nonskid materials to prevent slipping and tripping;

h.   Allowing a dangerous, steep stairwell in a general state of disrepair to exist on said vessel; and

I.   Failure to correct or conduct maintenance on unreasonable risks of harm cause by the vessel in question's appurtenances and/or repair and/or maintenance practices.

15.

Because Defendants, **TRES MARINE CORPORATION** and **GULF LOGISITICS OPERATING, INC** violated the General Maritime law, they are liable to Plaintiff, **JOEY BROUSSARD**, *in solido*, for General Tort Damages, including but not limited to general damages, medical expenses, lost wages, and all other remedies afforded under the General Maritime Law.

16.

Defendants named herein have violated the Coast Guard and Occupational Safety and Health Administration (OSHA) rules and regulations so as to constitute negligence per se.

17.

As a result of the foregoing incident, Plaintiff has experienced severe pain and suffering, mental anguish and anxiety, residual physical and mental impairment and disability entitling him to damages for such an amount exceeding the jurisdictional minimum of $75,000 and reasonable as set by this Court.

18.

As a result of the aforementioned accident and subsequent injuries set forth herein, Plaintiff has in the past incurred medical expenses, including treatment for the injuries he sustained in this accident and anticipates more medical expenses in the future.

19.

At the time of the accident and injuries set forth herein, Plaintiff was gainfully employed as a Captain with Defendant, **GULF LOGISTICS OPERATING, INC**.  As a result of the accident,

injuries and described disability herein, Plaintiff has suffered economic loss consisting of past, present and future loss of wages and loss of earnings capacity in a reasonable amount set by this Court.

**WHEREFORE, PLAINTIFF, JOEY BROUSSARD**, prays for judgment against said Defendant, condemning said Defendant to pay Plaintiff a sum set by this Honorable Court, together with interest and costs, and all other equitable relief.

**PLAINTIFF FURTHER PRAYS** for all legal interest from date of judicial demand until paid, all costs of these proceedings, all expert witness fees, all costs of medical reports, and all other just and equitable relief to which Plaintiff is entitled.

Respectfully Submitted:
**GALLOWAY JEFCOAT, L.L.P.**

_____/S/ Rusty Galloway_____
BY:   **RUSTY GALLOWAY (T.C.) (24100)**
     **Robert K. Doggett (37932)**
     Post Office Box 61550
     Lafayette, Louisiana  70596-1550
     Telephone:   337/984-8020
     Facsimile:    337/984-7011
     rustyg@gallowayjefcoat.com
     robertd@gallowayjefcoat.com
     *Attorneys for Plaintiff, Joey Broussard*

### CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the foregoing has been uploaded to the CM/ECF Filing System for the Western District of Louisiana on this 6th day of July, 2020.

_____/S/ Rusty Galloway_____
**RUSTY GALLOWAY**